**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **08-03453-hb**
Adversary Proceeding Number: **10-80049-hb**

### SUPPLEMENTAL ORDER REGARDING MOTION TO COMPEL PRODUCTION OF DOCUMENTS (FORENSIC RESEARCH GROUP)

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/05/2011**



US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re, <br><br> International Payment Group, Inc., <br><br> Debtor(s). | C/A No. 08-03453-HB <br><br> Adv. Pro. No. 10-80049-HB <br><br> Chapter 7 |
| John K. Fort, Trustee, <br><br> Plaintiff(s), <br><br> v. <br><br> Sun Trust Bank, <br><br> Defendant(s). | **SUPPLEMENTAL ORDER REGARDING MOTION TO COMPEL PRODUCTION OF DOCUMENTS (FORENSIC RESEARCH GROUP)** |

**THIS MATTER** comes before the Court for consideration of Defendant's Motion to Compel[1] and Memorandum in Support[2], which ask the Court to compel Plaintiff to produce documents identified in the January 19, 2011, subpoena to Mike O'Shea and Forensic Research Group, Inc., including a report and the investigator's file. Defendant alleges as grounds for this motion that Forensic was retained as an investigator to assist Fort in his ordinary duties as Chapter 7 Trustee for the debtor herein and was not retained in anticipation of litigation; thus, Plaintiff's claims that production is shielded by the work product privilege are unfounded. O'Shea is an investigator employed by Forensic who conducted the investigations related to the Debtor International Payment Group.[3] Further, Defendant argues that any work product protection has been waived, and that regardless of these contentions, Defendant has demonstrated a substantial need, undue hardship, and exceptional circumstances warranting production of the documents. Plaintiff objects to

---

[1] Doc. No. 60, filed on July 26, 2011.
[2] Doc. No. 61, filed on July 26, 2011.
[3] Doc. No. 60, Ex. C.

production, citing the work product privilege[4] and the fact that Forensic/O'Shea was retained as a non-testifying expert.[5]

At the hearing on the Motion, the Court found after careful consideration of the arguments of the parties that Forensic was retained by Fort, the Trustee in the Chapter 7 case and an attorney, at least in part in anticipation of litigation[6] and that the claim of work product privilege had not been waived, stating its findings and conclusions on the record. However, the documents in question resulting from that retention include a "report" that attaches numerous documents and Forensic's entire file for work conducted in relation to this bankruptcy case. Plaintiff provided the Court with a copy of the documents at the hearing for an *in camera* review and a list of bates stamped numbers from the documents that Plaintiff is not willing to produce. After a review of the designated documents, the Court found that it had insufficient information to make a determination as to the application of the work product privilege to certain documents and requested additional information from Plaintiff.[7] On September 26, 2011, Plaintiff provided additional information in the form of a privilege log.[8]

Rule 26(b)(3), made applicable to adversary proceedings by Bankruptcy Rule 7026, protects "documents and tangible things that are prepared in anticipation or litigation or for trial by or for another party or its representative . . ." Fed. R. Civ. P. 26(b)(3). The rule protects documents prepared by "the other party's attorney, consultant . . . or agent." *Id.* This rule is known as the "work product doctrine." "Under the work product rule . . . 'an

---

[4] *See* Fed. R. Civ. P. 26(b)(3).
[5] *See* Fed. R. Civ. P. 26(b)(4)(D).
[6] Fort applied for and received permission from this Court for authority to employ Forensic. *See* Doc. No. 60, Ex. C.
[7] Doc. No. 87, entered on Sept. 19, 2011.
[8] Doc. No. 92.

2

attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts [or the efforts of his agent] in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999) (quoting *In re Doe*, 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632 (1982)). Thus, "[t]he work product rule protects materials that meet three elements: the materials must be documents and tangible things; prepared in anticipation of litigation or for trial; and by or for another party or by or for that other party's representative." *Uhlig LLC v. Shirley*, C/A No. 6:08-cv-01208-JMC, 2011 WL 2145170, at *2 (D.S.C. June 1, 2011) (quotation marks and citations omitted).

"Opinion work product, which does contain the fruit of an attorney's mental processes, is 'more scrupulously protected as it represents the actual thoughts and impressions of the attorney.'" *In re Grand Jury Proceedings*, 401 F.3d 247, 250 (4th Cir. 2005) (quoting *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994)). This category of documents is not limited to those containing opinions or analysis only. The "choice and arrangement [of documents] constitutes opinion work product because [the preparer's] selection and compilation of these . . . documents reveals [his or her] thought processes and theories . . ." *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research . . . We believe [in-house counsel's] selective review of . . . numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Sporck v. Peil,* 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents in this case in preparation for

3

pretrial discovery falls within the highly-protected category of opinion work product."), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232 (1985); *James Julian v. Raytheon Co.,* 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case.")). In *Allen*, the Fourth Circuit found that even though the evidence sought to be discovered was employment records, it was protected due to the fact that the attorney "chose and arranged these records in anticipation of litigation" and identified among masses of documents those particular ones that supported its legal theory. *Id.* Because there is no distinction between attorneys and agents of attorneys under Rule 26(b)(3), an agent's collection and organization of information are similarly protected as opinion work product. *See Westwood Prod., Inc. v. Great Am. E & S Ins. Co.,* C/A No. 10-3605 (MLC), 2011 WL 3329616, at * 10 (D.N.J. Aug. 1, 2011) ("[T]he work-product doctrine 'is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect materials prepared by agents for the attorney as well as those prepared by the attorney himself.'" (quoting *United Coal Cos. V. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988))).

After a review of the documents Plaintiff seeks to protect from production and the privilege log, the Court finds that the following documents fall within the scope of the "opinion" category of the work product privilege, and therefore need not be produced:

    PFRGB 000001-15—Letter with Attachments
    PFRGB 000016-20—Excel Spreadsheet
    PFRGB 000111-112—Excel Spreadsheets with Handwritten notes
    PFRGB 000123-127—Excel Spreadsheets
    PFRGB 000132-134— Excel Spreadsheets
    PFRGB 000149-153—Outline of SunTrust's Responses to Subpoena

    PFRGB 000166-167—Excel Spreadsheet
    PFRGB 000194-219—Report
    PFRGB 000225-226—Excel Spreadsheet
    PFRGB 000256-257—Report
    PFRGB 000259-269—Emails
    PFRGB 000272-340—Emails
    PFRGB 000341—Emails
    PFRGB 000349-419—Emails
    PFRGB 000450-465—Emails
    PFRGB 000470 & 476—Emails
    PFRGB 000477-496 & PFRGB 000499-552—Emails
    PFRGS 000001—Letter
    PFRGS 000002-19—Report of Mike O'Shea
    PFRGS 000020—Excel Spreadsheet
    PFRGS 000021—Excel Spreadsheet
    PFRGS 000079-82—Report & Exhibits
    PFRGS 000088-91—Excel Spreadsheet
    PFRGS 000097—Excel Spreadsheet

  Regarding the remaining documents, the work product privilege may also protect "fact" work product from disclosure. Fact work product consists of documents that do not contain mental impressions. However, these "can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings*, 401 F.3d 247, 250 (4th Cir. 2005) (citations omitted). "The substantial need element requires a showing that the requested documents are important, relevant, and that there are not adequate alternative means of discovering the underlying facts." *Uhlig*, 2011 WL 2145170, at *3 (citations omitted).

  After a review of the content of the remaining documents and considering the record and arguments of the parties, the Court finds that Defendant has failed to sufficiently show a substantial need and that it cannot obtain the substantial equivalent to the following documents, and therefore they need not be produced:

    PFRGB 000114-118—Emails

5

      PFRGB 000471-475—Emails
      PFRGB 000497-498—Emails

      Remaining for consideration are the following:

      PFRGS 000065-74—Certificate of Incorporation Filing Records
      PFRGB 000154-164—FRGI Files/IPG London
      PFRGB 000342-48—Emails

In addition to the general work product doctrine, Rule 26(b)(4)(D), which applies to experts employed only for trial preparation, states that:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.  But a party may do so only:
>     (i) as provided in Rule 35(b); or
>     (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).  The Court finds that Rule 35(b) is not applicable to these facts. Although the employment of Forensic/O'Shea was approved by the Court, the employment was not of the type contemplated by the rule.  Further, given the content of the documents in question, there has been no showing of exceptional circumstances as required by Rule 26(b)(4)(D)(ii).  Therefore, the remaining documents are protected by Rule 26(b)(4)(D)(ii).

      For the reasons stated above and on the record at the hearing on September 7, 2011, the Motion to Compel is granted in part and denied in part.  Plaintiff shall produce to Defendants the two sets of documents provided to the Court for *in camera* review (PFRGB 000001-552 and PFRGS 000001-97)**,** with redactions (blank pages or some other place holder inserted) allowed as indicated herein.

**AND IT IS SO ORDERED.**