## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **08-03453-hb**

Adversary Proceeding Number: **10-80049-hb**

## ORDER REGARDING MOTION TO DISMISS

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/03/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 11/03/2011

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 08-03453-HB |
| International Payment Group, Inc., | Adv. Pro. No. 10-80049-HB |
| Debtor(s). | Chapter 7 |
| John K. Fort, Trustee, | **ORDER REGARDING MOTION TO DISMISS** |
| Plaintiff(s), | |
| v. | |
| SunTrust Bank, | |
| Defendant(s). | |

**THIS MATTER** comes before the Court on the Motion to Dismiss and Memorandum in Support filed by Defendant SunTrust Bank, and Plaintiff John K. Fort, Trustee's Objection thereto.[1] Defendant contends that, pursuant to Fed. R. 12(b)(1), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, this Court lacks subject matter jurisdiction over this lawsuit under Article III, Section 1, of the United States Constitution, as interpreted by the United States Supreme Court in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). For the reasons discussed below, the Court finds that, although the Motion is labeled as a Motion to Dismiss, it questions the constitutionality of the referral of this matter to this Court. The Court concludes that this challenge is more appropriately directed to the United States District Court for the District of South Carolina through a motion to withdraw the reference.[2]

---

[1] Doc. Nos. 89 & 90, filed Sept. 22, 2011; Doc. No. 100, filed Oct. 12, 2011.
[2] *See* Fed. R. Bankr. P. 5011(a) ("A motion for withdrawal of a case or proceeding shall be heard by a district judge.").

On June 10, 2008, Debtor International Payment Group filed a voluntary petition for Chapter 7 relief.[3] Section 1334(a) of title 28 provides that district courts have original and exclusive jurisdiction over all such bankruptcy cases. Section 157(a) of title 28 further provides that a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The local rules for the District of South Carolina provide that "[p]ursuant to 28 U.S.C. § 157(a), the Court hereby refers to the Bankruptcy Judges for this District all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Civil Rule 83.IX.01, DSC.

Pursuant to that referral, the bankruptcy petition was filed in this Court. Plaintiff herein was appointed as Trustee. Debtor was in the business of foreign currency exchange and Defendant provided financial services for its business. Plaintiff/Trustee declared this to be an asset case, warranting the filing of claims by creditors, and thereafter Defendant filed two proofs of claim in the bankruptcy case.[4] There has been no objection to allowance of these claims.

On April 9, 2010, long after the claims against the estate were filed, Plaintiff commenced the above-captioned adversary proceeding in this Court. Plaintiff asserts state law causes of action unrelated to or far beyond the scope of Defendant's claims against the estate. The causes of action asserted include: (1) breach of contract accompanied by a fraudulent act; (2) aiding and abetting a breach of fiduciary duty; (3) negligence and gross negligence; (4) breach of fiduciary duty; (5) tortious interference with contractual relations;

---

[3] *In re Int'l Payment Group, Inc.*, C/A No. 08-03453-hb (Bankr. D.S.C. June 10, 2008).
[4] *See* POC Nos. 81-1 & 81-2, filed Oct. 17, 2008 (stating claims for indemnity in the amount of $30,271.57).

2

(6) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.*; (7) violation of the South Carolina Uniform Commercial Code—Funds Transfers, S.C. Code Ann. § 36-4A-102 *et seq.*; and (8) conversion.[5] Plaintiff seeks approximately $40 million in damages. In response, Defendant asserted forty-three separately named defenses, none based on bankruptcy law. Neither the Complaint nor the Answer mentions the Defendant's claims against the estate.

In this adversary proceeding, Plaintiff asserts that 11 U.S.C. § 157(b)(2) deems such actions as core proceedings that may be referred to this Court by the district court to hear and determine and enter final judgment pursuant to § 157(b)(1). Defendant also admitted that the matter was a core proceeding and that jurisdiction is appropriate in this Court.[6] At the hearing on this matter, the parties agreed that the only category of core proceedings that apply to these facts is § 157(b)(2)(C).

After this lawsuit was well underway, the United States Supreme Court decided the case of *Stern v. Marshall* on June 23, 2011. In *Stern*, the bankruptcy estate asserted in the bankruptcy court a state law counterclaim for intentional interference with a testamentary gift against a party who filed a proof of claim for defamation in the bankruptcy case. 131 S. Ct. at 2601. The Supreme Court addressed two primary issues: (1) whether, under the facts of *Stern*, the bankruptcy court had statutory authority under 28 U.S.C. § 157(b) to issue a

---

[5] Compl., Doc. No. 1.
[6] In its Answer, Defendant admits the allegations contained in the following paragraphs of the Plaintiff's Complaint, *see* Doc. No. 4 at 2, ¶ 4:
    4. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), because this is a proceeding arising in or related to a case under Title 11, United States Code, that has been referred to the [b]ankruptcy [c]ourt under 28 U.S.C. § 157(b)(1).
    5. Venue is proper under 28 U.S.C. § 1409 because Plaintiff's Chapter 7 [b]ankruptcy is pending in this district.
    6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the [b]ankruptcy [c]ourt.
(Doc. No. 1 at 2).

3

final judgment on the estate's counterclaim; and if so, (2) whether conferring that authority on the bankruptcy court was constitutional. *Id.* at 2600.

The matter in dispute in *Stern* was a core proceeding as defined in § 157(b)(2)(C), which provides that "counterclaims by the estate against persons filing claims against the estate" are core proceedings. 28 U.S.C. § 157(b)(2)(C). In *Stern*, the Supreme Court found that, while § 157(b)(1) provided statutory authority for the Article III court to refer the matter to the bankruptcy court to enter a final judgment on the estate's counterclaim, doing so was unconstitutional when the statute was applied to the facts of that case. *See id.* at 2608 ("Although . . . § 157(b)(2) permits the Bankruptcy Court to enter final judgment on [the estate's] counterclaim, Article III of the Constitution does not."). The Court concluded that only Article III courts—whose judges have life tenure and are protected against salary reductions—can decide "a suit . . . made of 'the stuff of the traditional actions at common law . . .'" *Id.* at 2609 (quoting *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 90, 102 S. Ct. 2858 (1982) (Rehnquist, J., concurring in judgment)). Summing up the decision, the Supreme Court wrote that a bankruptcy court lacks "the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* 2620. The Court characterized the constitutional problem presented in *Stern* as a "narrow" one where "Congress, in one isolated respect, exceeded that limitation of the Bankruptcy Act of 1984." *Id.*

Plaintiff and Defendant here agree that, like the *Stern* case, resolution of Defendant's claim against the estate will not result in a resolution of the disputes raised in this lawsuit. It also appears that the claims against Defendant here dwarf those involved in any dispute that may arise over allowance of the proof of claim. Also like *Stern*, Plaintiff's causes of action

4

consist of state law claims of the bankruptcy estate against a creditor who filed proofs of claim against the estate. Although Plaintiff attempts to distinguish this matter from *Stern* by pointing out that Plaintiff's actions against Defendant are made directly in a Complaint and are, therefore, not counterclaims to a proof of claim[7], courts have held that such actions are in the nature of a counterclaim when asserted against parties who have filed proofs of claim in the bankruptcy case. *See Gibson v. Parish*, 360 F.App'x 947, 978-79 (10th Cir. 2010) (finding that creditor's filing of a proof of claim constituted a "claim" and the estate's malpractice claim several years later in the district court, coupled with an objection to the claim, constituted a "counterclaim") (citing *In re Ferris*, 764 F.2d 1475, 1477-78 (11th Cir. 1985) (agreeing with the district court's finding that "the debtor's complaint was in the nature of a counterclaim against the claim filed by [creditor], and thus was not a 'related to proceeding.'"); *Kline v. Zueblin (In re Am. Export Group Int'l Serv.)*, 167 B.R. 311, 313 (Bankr. D.C. 1994) (holding that a proof of claim is "analogous to a complaint filed in the District Court" and thus a "proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint.")); *see also Blackshire v. Litton Loan Serv. L.P.*, C/A No. 2:08-mc-00116, 2009 WL 426130, at *3 (S.D. W. Va. Feb. 13, 2009) (finding that debtors' state law claims seeking statutory penalties for creditors' collection activities were "core proceedings because each of the defendants is a creditor already involved in the bankruptcy proceeding [by filing proofs of claim] and the plaintiffs' claims are essentially counterclaims against these creditors.").

Plaintiff also argues that the facts of this case are distinguishable from *Stern*, due to Defendant's admission regarding jurisdiction found in its Answer, together with its action of proceeding in this Court to this point. At the hearing on this Motion, Defendant's counsel

---

[7] Doc. No. 100 at 2.

5

stated, however, that its actions and pleadings were based on the statutory and case law existing before *Stern* was decided.[8]

Even with these attempts by Plaintiff to distinguish this matter from *Stern*, the facts are quite similar, and Defendant raises valid questions about the referral of the lawsuit to a non-Article III court.[9] Despite Local Rule 83.IX.01 and the statutory authority of § 157(b)(1), it appears that, just like *Stern*, the causes of action asserted by Plaintiff are only remotely related, and likely unrelated, to Defendant's proofs of claim against the estate and there is no reason to believe that "the process of adjudicating [the] proof[s] of claim would necessarily resolve [the estate's] counterclaim." *Stern*, 131 S. Ct. at 2617 (citations omitted).

After a review of the pleadings and consideration of the arguments in support of the Motion, the Court finds that Defendant's arguments were primarily directed toward the appropriateness of the continued referral to this Court, not toward a challenge of the jurisdiction of the federal courts. Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). This provision, along with the permissive referral of matters pursuant to § 157(a), leaves a district court with the ultimate authority to determine what matters should be referred to, or remain with, a bankruptcy court. In most instances when a party challenges the authority of a bankruptcy court, a motion to withdraw the reference of the case or matter is filed. Thereafter, the decision regarding whether the referral should continue, or whether the

---

[8] In *Stern*, 131 S. Ct. 2594 (2011), the Supreme Court addressed the issue of consent to the bankruptcy court's jurisdiction to enter a final order on similar facts, and found that while claimant consented to his claim being adjudicated in the bankruptcy court, he "did not truly consent to resolution of [the estate's] claim in the bankruptcy court proceedings. He had nowhere else to go if he wished to recover from [the] estate." *Id.* at 2614 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S. Ct. 2782 (1989)).

[9] The Court raised this issue at a hearing in this case out of an abundance of caution; thereafter, Defendant filed the instant Motion.

matter should be addressed by an Article III judge, is made at the district court level.  This procedure seems prudent on these facts, given the recent change in the interpretation of applicable authority.[10]

**IT IS THEREFORE, ORDERED** that on these facts, any challenge to the constitutionality of the referral of this lawsuit to this Court should be addressed to the referring court.  If, however, no further challenge to the referral is made within fourteen (14) days from entry of this Order, and absent contrary instructions from the district court, this Court will treat the lack of any further challenge as express consent by Plaintiff and Defendant to the jurisdiction of, and entry of a final order by, this Court reviewable pursuant to 28 U.S.C. § 158.  In that event, this Court will proceed accordingly with this lawsuit, treating the parties' failure to pursue this matter as an express waiver of the right to raise the issue further.  In the event that no further timely challenge to the referral is made, the Motion to Dismiss is denied.[11]

---

[10] If Defendant's assertions are correct and this Court lacks the authority to hear and finally determine the matter, jurisdiction may be appropriate in the district court.  District courts have original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C. § 1334(a).  District courts also have original but not exclusive jurisdiction over all proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b).  The constitutional question raised here relates only to a bankruptcy court's ability to hear and determine a matter.  If a cause of action is **not core** pursuant to § 157(b)(2)(C), a district court may refer a matter to a bankruptcy court to make recommended findings of facts and conclusions of law under § 157(c)(1).  Alternatively, if all parties consent to the referral and entry of a final order in a **non-core** matter, a bankruptcy court may enter a final order under § 157(c)(2).  However, neither situation exists here, as this is a core matter under § 157(b)(2)(C).  Further, the statute does not advise a bankruptcy court regarding the appropriate procedure or authority when a lawsuit is a delineated core matter per the statute and applicable case law, and yet exercise of jurisdiction by a bankruptcy court may be unconstitutional. Therefore, this Court will defer to any instruction from the referring court.

[11] The Court will take appropriate action, if any, regarding the pending Motion to Amend Current Scheduling Order, (Doc. No. 74), after the expiration of the deadline for further action.